Mr. Justice ThacheR
delivered the opinion of the court.
The complainant, Howard, with one Smith, was a surety of Robert M. Spicer in a bill single, executed to Drake, rvho assigned it by indorsement to Jesse Meek. He claims to be discharged upon the ground, that after the bill single became due, the assignee, Meek, made an agreement with Spicer, without the knowledge or consent of complainant, for further delay, upon the consideration of about one hundred dollars, for which amount Spicer gave Meek his promissory note.
The bill of complainant shows that on the 28th day of February, 1837, Spicer, as principal, and Smith and Howard, as sureties, executed to Drake a bill single, jointly, which was afterwards indorsed by Drake to Meek. Suit was instituted upon the bill, and a judgment by default recovered thereon. The bill of complainant further sets forth, that the complainant “ not having been advised at the time of any legal defence at law that he could plead in bar of said suit, therefore suffered judgment to go against him by default,” and, that, after the rendition of the judgment, he gave to Meek certain' collateral *506 securities in payment of said judgment, a portion whereof the hill charges to have been collected by Meek.
The answer of Meek denies that any agreement for further delay of payment of the bill was made by him with Spicer, but admits that he applied to Spicer for a payment in full, or in part of the bill, after its maturity, and that he induced him to give his separate promissory note for interest accrued upon the bill, being in amount about ninety dollars.
The answer of Spicer admits that an agreement for further delay of payment of the bill single was made between himself and Meek, without the knowledge or consent of Howard, the complainant, and that the consideration of the agreement was his promissory note, for the sum of ninety dollars, which was given “ as interest in addition to the legal interest, or to accrue on” the bill single, and that the further time extended from the 13th September, 1838, until the following January, or thereafter.
The language of the bill of complaint makes it clear to every reasonable certainty, that the bill single bore evidence upon its face that Spicer executed it as principal, and Smith and the complainant, as sureties. It affirms that “Spicer, principal, and Smith and complainant, as sureties, executed” the instrument. It also charges that the complainant “ was not advised at the time of suit of any legal defence.” This language shows that after the judgment at law he did become advised that such defence existed at the time of suit, had the facts upon which it rested been known to him at that time. But in order to have placed himself in a position to claim the relief sought in equity, it was the duty of the complainant to have established beyond doubt all that is necessary to give the court jurisdiction.
Moreover, after a judgment at law, a court of equity should be slow to give relief in a state of case like that presented in this bill of complaint. The defence now set up in equity would have availed effectually at law, had it been then pleaded or relied upon. The mere allegation that the grounds of his defence were not known to a party at the time of the trial at law, admitting them to have been a good defence, is not alone a *507 sufficient reason for relief in equity. A party must also show that he used at least ordinary diligence to procure a knowledge of them, or that they could not have been procured by the use of ordinary diligence. Taylor v. Manley, 6 S. & M., 305; Nevitt v. The Bank of Port Gibson, 6 S. & M. 513. It is obvious, in this instance, that an application to the principal in the bill single for information of the cause of the delay in instituting the suit at law, even after the suit was instituted, would have put the surety in the way of ascertaining the facts concerning it, and of shaping his defence at law. At least, it would have been a step in establishing the material circumstance of the exercise of diligence and precaution in the premises. Nothing of this kind is shown to have been done or attempted. It may also be observed that a fair construction of the language of the complainant, where, in his bill, he speaks upon the point now being considered, does not show that he was ignorant, at the time of the institution of the suit at law, of the fact of delay having been given to the principal by the assignee of the bill single, but that he was not advised at the time that he possessed any legal defence to the suit. It is more a confession of ignorance of the law than of. the fact. The bill of the complainant is therefore radically defective in failing to allege, and the proceedings in failing to show, this essential groundwork and preliminary to the nature of the relief claimed.
The foregoing view of the case makes it unnecessary to review and consider the validity or sufficiency of the consideration upon which the agreement for delay is alleged to have been contracted.
The decree must be reversed, and a decree entered in this court by consent of appellant, given subsequently to the reversal.